[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11541
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00009-CR-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR LATTIMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 20, 2008)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Omar Lattimore appeals his 18-month sentence upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(e)(3). Because the court considered the guidelines range as well as the factors set forth in 18 U.S.C. § 3553(a) when imposing the sentence, its sentence is procedurally reasonable. Because Lattimore's sentence was within the applicable guidelines range and was reasonable in light of the 18 U.S.C. § 3553(a) factors, the sentence is substantively reasonable. Accordingly, we AFFIRM.

## I. BACKGROUND

This appeal is from the sentence the district court imposed after revoking Lattimore's supervised release. In June 2007, the government filed a petition for action on Lattimore's supervised release. See R1-93. This petition noted that Lattimore was convicted in 2000 of possession with intent to distribute cocaine base and sentenced to 63 months in prison and 5 years' supervised release. The petition further noted that Lattimore began serving his supervised release in September 2003. In the petition, the government alleged that Lattimore had violated the terms of his supervised release by: 1) failing to work regularly at a lawful occupation; 2) failing to refrain from violation of the law; and 3) unlawfully possessing a controlled substance. Id. The last two of these allegations stemmed from Lattimore's May 2007 arrest that resulted in his being charged with

2

possession of cocaine, driving under the influence of drugs, obstruction, driving with a revoked license, possession of marijuana, and a seatbelt violation. See id.

In February 2008, the court signed an order to amend the petition for action on supervised release. R1-102. This order supplemented the original petition by alleging that Lattimore committed three further violations of his supervised release: 1) failing to submit a truthful and complete written report within the first five days of each month; 2) an additional instance of failing to refrain from violation of the law; and 3) using a controlled substance. The second of these allegations resulted from Lattimore's pleading guilty to the offense of giving false information. The last of these allegations resulted from Lattimore's signing of an admission form, in which he admitted that he had used cocaine, cocaine base, and marijuana from 12 May through 14 May 2007. Id.

At the revocation hearing, the court went over the six alleged violations, and Lattimore admitted to all six violations. R2 at 2-3. Lattimore explained to the court that his violations resulted exclusively from his addiction to drugs. Id. at 3-5. Arguing for mitigation of his sentence, Lattimore noted that he had observed the terms of his supervised release during long stretches of time leading up to the violations. See id. Lattimore argued that since his violations of the supervised release terms were related solely to his drug addiction, the court would most

3

efficiently prevent further unlawful conduct by sentencing him to a term of only minimal incarceration followed by commitment to a residential drug treatment program. See id. at 6-10. The government remained neutral on this issue. Id. at 8. Lattimore also made a personal statement to the court, stating that he had tried his best to maintain employment and observe the other terms of his supervised release, but that his addiction "got the best of [him]." Id. at 8-9. The district court noted that Lattimore had received treatment for drug addiction in the past and that such treatment had been unsuccessful. Id. at 7.

The court revoked Lattimore's supervised release and sentenced him to 18 months' imprisonment. Id. at 10-11. In imposing this sentence, the court recognized that under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), it was required to consider the sentencing guidelines, but was not bound to apply them. Id. at 10. The court noted that the guidelines imprisonment range was 18 to 24 months because Lattimore had an original criminal history category of V and had committed a grade B violation of his supervised release. Id. The court further stated that it found that its sentence was appropriate in light of the factors set forth in 18 U.S.C. § 3553(a) and under the totality of the circumstances. Id. at 11. The court then asked the parties if there

were any objections to the sentence or the manner in which it was imposed, and neither side objected. Id. at 12.

## II. DISCUSSION

On appeal, Lattimore contends that the district court imposed an unreasonable sentence upon revocation of his supervised release. Lattimore argues that his sentence was unreasonable in substance because it failed to provide him with needed correctional treatment or protect the public from potential further crimes as required by 18 U.S.C. § 3553(a)(2)(C) and (D). Lattimore appears to argue that his sentence was procedurally unreasonable because the court did not consider whether its sentence would promote respect for the law or provide just punishment as required by section 3553(a)(2)(A).

We review a sentence imposed upon revocation of supervised release for reasonableness. Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 594, 169 L.Ed.2 445 (2007); United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Review for reasonableness is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (citing Gall, 552 U.S. at __, 128 S.Ct. at 597). Under the abuse-of-discretion standard, we will only reverse if the district court made a clear error of

5

judgement. Id. at 1191. Although the government appears to argue that Lattimore did not timely object in this case, it does not specifically argue that plain error review applies. However, we need not address whether plain error applies because, even under the abuse-of-discretion standard, there was no reversible error.

"After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentence may be reviewed for procedural or substantive unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182, n.3 (11th Cir. 2006). "A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." Id.

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. Gall, 552 U.S. at ___, 128 S.Ct. at 597. Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. §

6

3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, among other things:

> (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission.

Sweeting, 437 F.3d at 1107. A district court need not discuss each of the § 3553(a) factors in order to satisfy the requirement of procedural reasonableness. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

In considering the substantive reasonableness of a sentence, we employ an abuse of discretion standard. Gall, 552 U.S. at ___, 128 S.Ct. at 597. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose." Id. Where the court imposes a sentence that is within the guidelines range, we ordinarily expect that sentence to be reasonable. Id.

While it is not clear that Lattimore argues that his sentence is procedurally unreasonable, he does assert that the court failed to consider whether its sentence

7

would promote respect for the law or be perceived as just. To the extent that Lattimore is arguing that his sentence is procedurally unreasonable, his argument fails. Neither party alleges that the court failed to calculate or incorrectly calculated the guidelines range, or that the court imposed its sentence based upon clearly erroneous facts. Upon imposing sentence, the court expressly noted that the sentencing guidelines are not mandatory. R2 at 10. The court also expressly stated that it had considered the § 3553(a) factors. Id. at 11. The fact that the court did not discuss each and every § 3553(a) factor does not cause its sentence to be procedurally unreasonable. See Scott, 426 F.3d at 1329. Moreover, the court adequately explained its sentence. Not only did the court expressly state that it had considered the applicable guideline range and the § 3553(a) factors, but the court also noted Lattimore's unsuccessful history with drug treatment programs. R2 at 7, 10-11. As a result, the court's sentence is not procedurally unreasonable.

Lattimore has failed to meet his burden of establishing that his sentence is substantively unreasonable in light of the record and § 3553(a) factors. Although Lattimore was largely compliant with the terms of his supervised release from 23 September 2003, to 14 May 2007, at the end of this period of time he violated the terms of his release by, among other things, driving under the influence, possessing a controlled substance, using a controlled substance, failing to work regularly at a

lawful occupation, and failing to submit truthful and complete monthly written reports.  See  R2 at 2-3; See also R1-93.  Lattimore had also demonstrated an unsuccessful history with drug treatment programs.  R2 at 7.  Moreover, the court sentenced Lattimore at the low end of the applicable guideline range.  See id. at 10-11;  U.S.S.G. § 7B1.4.  As a result, the district court did not abuse its discretion in imposing an 18-month sentence upon its revocation of Lattimore's supervisory release.

## III.  CONCLUSION

For the reasons stated above, Lattimore has failed to demonstrate that the district court's 18-month sentence is either procedurally or substantively unreasonable.   Accordingly, we **AFFIRM** Lattimore's sentence.